## RUTH PRATT *vs.* MOSES H. FELTON.

If a widow, for whom provision is made in the will of her husband, do not make her election, agreeably to the Rev. Sts. *c.* 60, § 11, to take such provision, or be endowed of his lands; such omission will be considered as conclusive evidence of her acceptance of the provision made in the will, and a waiver of her right of dower.
Where a widow, to whom real estate was devised by her husband, made a demand of dower in his estate, and, afterwards, being in possession of the estate devised to her, leased the same to a tenant, who entered and took possession of and occupied the same; it was held, that whether the terms of the statute would be complied with or not by an implied election, the facts stated were no evidence of the election required by the statute.

THIS was an action of dower, which the parties agreed to submit to the court, upon the following statement of facts:—

Seth Pratt, the husband of the demandant, died October 8th, 1847, leaving a will in which he devised his estate to his wife in these terms: "Firstly. I give and bequeath unto my wife, Ruth Pratt, the homestead place, containing fifteen acres, more or less, with the buildings on the same, to be and remain for her own use and control; and at her decease it is my will, that so much of it as is not necessary to be used and improved for her support to go to her own connection at her decease. I also give and bequeath to her, the said Ruth, all my personal property after all my just debts are paid. Also about five acres of land, more or less, situated near the woollen factory in Barre, I give to the said Ruth the use and improvement of the same, and at her decease to go to my own connections."

The demandant, both before and after the decease of Seth Pratt, occupied the premises devised to her; on the third of January, 1848, she made a demand to have dower assigned; and in March, 1848, leased the homestead to a tenant who was still in the possession thereof, without any objection to the occupation of the demandant or her tenant being made by the heirs of Seth Pratt. The tenant is not an heir; but derived his title to the demanded premises by a deed with warranty from Seth Pratt, executed on the 22d of April, 1836. The demandant never filed in the probate office an election to be endowed of the testator's lands.

*W. A. Bryant*, for the demandant.

*P. C. Bacon* and *W. S. Barton*, for the tenant.

WILDE, J. This is a writ of dower, in which the only question to be decided is, whether the demandant's claim is not barred by her acceptance of the provision made for her by the will of her husband in lieu of dower. The provision in the will is not expressly declared to be in lieu of dower but this, by the Rev. Sts. *c.* 60, § 11, is not required. By that section, it is provided, that "If any provision be made for a widow in the will of her husband, she shall, within six months after the probate of the will, make her election, whether she

will take such provision, or be endowed of his lands; but she shall not be entitled to both, unless it plainly appears, by the will, to have been the intention of the testator, that she should have such provision, in addition to her dower." No such election was made, in the present case, by the demandant; and this omission we consider as conclusive evidence of her acceptance of the provision made in the will, and a waiver of her right of dower; for by the express words of the statute, she is not entitled to both; there being nothing in the language of the will, by which it can be inferred, that the testator intended she should have the provision in addition to her dower. 1 Cruise, (Greenl. ed.) 181, note 1; *Thompson* v. *McGaw*, 1 Met. 66; *Adams* v. *Adams*, 5 Met. 277.

But it has been argued for the demandant, that although she has made no express election, yet her demand of dower was an implied election. We are of opinion, however, that the facts agreed will not warrant the implication, for soon after her demand of dower, she leased the home place which was devised to her in fee, and which the lessee still occupies. The inference from these facts is, that it was the demandant's intention to accept the provision made in the will, and to claim also her right of dower. This certainly is no evidence of an election as required by the statute. Whether any implied election would be such as the statute requires, or whether an express election should be filed in the probate office, are questions not necessary to be decided in this case; as the demandant's election cannot be inferred from the facts agreed, if an implied election would be sufficient.

*Judgment for the tenant.*